# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BRYAN K. BROWN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 09-465-JHP-SPS |
| | ) | |
| **JENNIFER KNIGHT, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, serving sentences for his conviction of six counts of Child Sexual Abuse. He brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations related to his arrest on other charges.[1] The defendants are Claudine Brown, a private individual who is plaintiff's wife; Jennifer Knight, a private individual who is Claudine Brown's daughter; Drayton Knight, a private individual married to Jennifer Knight; Justin Blackshear, Durant, Oklahoma, police officer; Chris Marcy, Durant police officer/detective; the City of Durant, Oklahoma; and Bryan County, Oklahoma.

---

[1] Plaintiff apparently is attempting to request class certification to include additional Bryan County inmates who have been charged as sex offenders and who allegedly have been beaten by other inmates as instructed by jail guards. *See* Docket #1 at 2, 13. Courts are reluctant to certify a class represented by a pro se litigant, because a layman representing himself is considered "to be clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Although plaintiff, a pro se litigant, has the right to appear on his own behalf, he may not represent another pro se plaintiff in federal court. 28 U.S.C. § 1654; *see, e.g.*, *United States v. Grismore*, 546 F.2d 844 (10th Cir. 1976); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); *United States v. Taylor*, 569 F.2d 448, 451 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978).

Plaintiff alleges that in April 2008 he learned that his wife Claudine Brown had encouraged and allowed her grandchild C.H. to use the family computer to send pictures of her bare breast to a boyfriend. When plaintiff confronted his wife, she defended her conduct, and C.H.'s mother Defendant Jennifer Knight told plaintiff to mind his own business about the internet "sexting." Plaintiff then told his mother, son, and friends that he planned to quietly begin moving his belongings from his house and to divorce his wife. Plaintiff also professed his love for his mistress and told the mistress of his plan to divorce his wife.

On June 1, 2008, Mrs. Brown learned of her husband's affair, and while he was away from home, she began destroying his personal property and threatening to kill him. C.H. called her mother Defendant Jennifer Knight to report that Mrs. Brown was threatening to kill her husband, the plaintiff. Mr. and Mrs. Knight went to plaintiff's home and were told about plaintiff's affair. When plaintiff arrived home, his wife hit him with a shovel. Plaintiff then denied the affair, further antagonizing his wife. She continued her shovel attack on him until she fell and scraped her elbow.

While Defendant Drayton Knight was helping plaintiff load his motorcycle and toolboxes onto his truck, Mrs. Brown ran outside the house, screaming obscenities and throwing plaintiff's clothes and personal belongings onto the yard. The children who were present helped load plaintiff's truck. Plaintiff drove to Abe Brown's house and then took his property to a storage unit.

Plaintiff alleges his wife Claudine Brown, Jennifer Knight, and Drayton Knight then conspired with Defendants Justin Blackshear and Chris Marcy, officers of the Durant Police Department, to punish plaintiff for his affair and to prevent him from regaining possession of his property. Defendant Marcy also allegedly retaliated against plaintiff for a

2

confrontation following a 2006 car wreck and a suspicious fire at plaintiff's house that same year. Plaintiff set forth in his complaint the specific facts of the alleged conspiracy:

> 20. On June 2, 2008, Defendant Jennifer Knight called 911 to make a false report of Domestic Assault against Plaintiff Brown if [sic] furtherance of the conspiracy.
>
> 21. On June 2, 2008, at 1:04 p.m. Defendant [Officer] Blackshear arrived at Defendant Brown's residence in response to the 911 call.
>
> 22. Present at the house were:
> Claudine Brown,
> Jennifer Knight,
> Drayton Knight,
> C.N., age 12
> D.N., age 10.
> J.K., age 7,
> J.S., age 6,
> P.K., age 10.
>
> 23. Defendant Jennifer Knight immediately began to tell a completed [sic] fabricated account of the night before, for the purpose of having the plaintiff falsely arrested and charged with domestic abuse.
>
> 24. Pursuant to Okla. Stat. tit. 22, § 60.16, Defendant Blackshear questioned all of the children present and learned that Defendant Jennifer Knight was making false allegations . . . against the plaintiff.
>
> 25. Defendant Blackshear made the conscious decision to join the conspiracy against the plaintiff, because the plaintiff had an affair and then lied about it.
>
> 26. Defendant Blackshear noted the fresh red marks on Defendant Brown's neck and decided to wait to take a picture in order to let them age some to be less inconsistent than they already were.
>
> 27. Defendant Blackshear, when writing the Uniform Incident/ Offense Report, Case Number 2008-24600, intentionally omitted Drayton Knight from the witness list.
>
> 28. Defendant Blackshear also omitted any mention of the

3

statements made to him by the children that were present during the Domestic Assault committed by Defendant Brown against the plaintiff. . . .

33. Contrary to the Policy and Practice of the Durant Police Department, Defendant Blackshear did not arrest Defendant Brown, who was the "Dominant Aggressor."

34. On June 2, 2008, Defendant Blackshear arrested the plaintiff for Domestic Assault, without probable cause, knowing that the plaintiff did not commit said crime.

35. Defendant Blackshear's arrest of the plaintiff without warrant was done in furtherance of the conspiracy to injure the plaintiff for having an affair. . . .

48. On June 2, 2008, Defendant Marcy openly joined in the conspiracy to punish the plaintiff in retaliation for his standing up to him on prior occasions.

49. Prior to making the 911 phone call, Defendant Jennifer Knight created a 3-1/2 [inch] floppy disk containing "Several pictures of what appeared to be nude minor children."

50. Defendant's [sic] Drayton and Jennifer Knight and C. Brown planned on having the plaintiff labeled as a "pedophile" and arrested for child pornography.

51. Defendant Blackshear join [sic] into that part of the conspiracy, but just to be on the safe side, contacted Defendant [Officer] Marcy.

52. Defendant Marcy liked the idea of labeling plaintiff as a "pedophile" and readily joined the conspiracy.

53. Defendant Marcy's first order of business was to begin falsifying reports and evidence to be used against the plaintiff.

54. Defendant Marcy changed the fact that Jennifer Knight was the reporting party, to Claudine Brown.

55. Defendant Marcy then changed the fact that Jennifer Knight provided the 3-1/2 disk to Claudine Brown.

56. Defendant Marcy then changed the fact that the 3-1/2 disk contained "what appeared to be nude minor children," (not a crime) to "Blackshear observed electronically stored images portraying pre-pubescent females engaged in sexual acts, some with adults, some alone, some with other pre-pubescent females."

57. Defendant Marcy coached Defendant Jennifer Knight to lie and say the plaintiff said she could pack his things, and to lie and say the 3-1/2 disk did not have a label as her reasons for "checking it."

58. Defendant Marcy then changed the 3-1/2 disk labeled "B-Jail Time" to be "several computer disks that were not labeled or marked."

59. Defendant Marcy the [sic] told Defendants Jennifer and Drayton Knight that they could go to Abe Brown's property and retrieve the plaintiff's property.

60. On June 3, 2008, Defendant[s] Jennifer and Drayton Knight went to Abe Brown and told him, "If you don't give us everything that Bryan brought over, Detective Marcy said he'll arrest you too!"

61. Defendant Marcy then lied and said that a 3-1/2 disk held "approximately 70 images."

[Docket #1 at 9-12].

Plaintiff was arrested by Defendant Blackshear, and the Bryan County District Court record shows that on December 1, 2008, plaintiff's charge of Domestic Abuse in Case No. CM-2008-496 was dismissed on the prosecutor's motion, pursuant to plaintiff's felony plea. *See* http://www.oscn.net.

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). Although plaintiff is purporting to bring a claim under § 1983, he has not alleged facts showing that Defendants Claudine Brown, Jennifer Knight, or Drayton Knight acted under color of state law, a requirement of 42 U.S.C.

§ 1983. To the contrary, plaintiff expressly states in his complaint that these defendants were not acting under color of state law.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. . . .

42 U.S.C. § 1983.

Private parties who conspire with public officials to violate constitutional rights, however, are not automatically immune from suit. *Wyatt v. Cole*, 504 U.S. 158, 168-69 (1992). *See also Warner v. Grand County*, 57 F.3d 962 (10th Cir. 1995). To prevail on a conspiracy claim, plaintiff "must specifically present facts showing agreement and concerted action." *Hammond v. Bales*, 843 F.2d 1320, 1323 (10th Cir. 1988). "Conclusory allegations without supporting facts are insufficient." *Id*. (citations omitted).

After careful review, the court finds plaintiff has not presented sufficient facts to show Mrs. Brown, Mrs. Knight, or Mr. Knight acted under color of state law, as required by 42 U.S.C. § 1983. The court further finds plaintiff's allegations against his three relatives do not present a sufficient basis for inferring a conspiracy with law enforcement officials that arose from a desire to punish plaintiff for an affair and to retaliate against him for prior contacts with law enforcement officers.

This court is empowered to dismiss the complaint in part or in its entirety, pursuant to 28 U.S.C. § 1915A.

(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.--On review, the court shall identity cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. Here, the court finds plaintiff's claims against Defendants Claudine Brown, Jennifer Knight, and Drayton Knight are frivolous, malicious, and fail to state a claim upon which relief may be granted.

The court notes that Defendants Claudine Brown, Jennifer Knight, and Drayton Knight have submitted separate copies of plaintiff's complaint with each defendants' handwritten comments, apparently in an attempt to file answers to the complaint. These are not proper pleadings in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules. The Court Clerk is directed to return the documents unfiled. Because Defendants Claudine Brown, Jennifer Knight, and Drayton Knight are dismissed from this action, they are not required to file answers to the complaint.

**ACCORDINGLY,** Defendants Claudine Brown, Jennifer Knight, and Drayton Knight are DISMISSED from this action, pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this 16th day of April 2010.

James H. Payne
United States District Judge
Eastern District of Oklahoma